**UNITED STATES of America**

v.

**Joseph EVANS.**

**Crim. A. No. 88–503.**

United States District Court,
E.D. Pennsylvania.

Feb. 2, 1989.

---

82

Robert Goldman, Asst. U.S. Atty., Philadelphia, Pa., for the Government.

William Gregory Spencer, Asst. Federal Defender, Federal Defender's Ass'n, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

KATZ, District Judge.

AND NOW, after consideration of the entire record, including the reports of Dr. Bohn and Dr. Cooke, and after a competency hearing conducted pursuant to 18 U.S.C. § 4241, I make the following findings:

*Background*

1. On September 22, 1988 Joseph Evans was arrested when he attempted to enter the United States Courthouse carrying a thirteen-inch butcher knife.

2. On September 23, 1988 a Complaint and Warrant were issued by Magistrate Powers, charging the defendant with violations of 18 U.S.C. § 111, 18 U.S.C. § 13 and 41 C.F.R. § 101–20.313.

3. Also on September 23, pursuant to 18 U.S.C. §§ 4241 and 4247(b), Magistrate Powers ordered that the defendant be committed to the custody of the Attorney General for a period of thirty days for purposes of a psychiatric or psychological evaluation by the professional staff of the Medical Center for Federal Prisoners in Springfield, Missouri ("Springfield"). The

examining psychiatrists or psychologists were specifically directed to evaluate whether the defendant was mentally competent to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

4. The defendant was not received at Springfield until October 13, 1988. On October 24, upon consideration of this fact and Springfield's request for an extension of time within which to complete the study and observation of the defendant, Magistrate Powers granted an extension until November 12.

5. On October 18, 1988, Magistrate Hall granted a continuance of thirty days, until November 23, 1988, of the time within which an indictment must be filed against the defendant.

6. On November 17, 1988, a four count indictment was filed against the defendant charging him with violations of 18 U.S.C. § 13 and 41 C.F.R. § 101–20.313.

7. On November 28, Springfield's warden submitted to Magistrate Powers a report signed by Martin J. Bohn, Jr., Ph.D., a member of the institution's clinical staff. The report diagnosed the defendant to be suffering from Schizophrenia, paranoid type, but nevertheless concluded that the defendant was mentally competent to stand trial.

8. During his stay at Springfield, the defendant received a medically supervised regimen of psychotropic medication. In his report Dr. Bohn expressed the opinion that maintenance on psychotropic medication was essential to prevent the deterioration of defendant's mental health.

9. On December 1, the defendant was arraigned before Magistrate Leomporra and ordered detained before trial. The trial was scheduled for December 14.

10. On December 8, this court granted defendant's motion for a continuance and accordingly ordered the trial date postponed to February 6, 1989.

11. On January 3, 1989, the Government filed a Motion for Examination of Defendant to Determine Existence of Insanity. On January 20, the defendant re-

sponded that he did not oppose the Government's Motion for Examination of Defendant to Determine Existence of Insanity. However, the defendant requested that the examination by the government psychiatrist be recorded by video tape. On January 25, the Government filed a memorandum in opposition to the defendant's request that the examination to determine insanity be recorded by video tape.

12. On January 11, at the request of defendant's counsel, the defendant was examined by Dr. Gerald Cooke, Ph.D., a clinical and forensic psychologist, for the purpose of rendering an opinion as to the defendant's sanity at the time of the alleged commission of the offenses charged in the indictment.

13. On January 19, Dr. Cooke sent the report of his examination to defendant's counsel. Like Dr. Bohn's, Dr. Cooke's report diagnoses the defendant as suffering from Schizophrenia, paranoid type. However, Dr. Cooke's report concludes that the defendant is not presently competent to stand trial. Dr. Cooke states that the defendant "does not grasp the possible outcome of the criminal action because of his psychosis and in this sense does not really understand the nature and object of the proceedings against him." Dr. Cooke also expresses the opinion that the defendant "cannot cooperate with his attorney in preparing a rational defense."

14. The report also states that the defendant's overt psychosis prevented Dr. Cooke from being able to determine the status of the defendant's sanity at the time of the alleged offenses.

15. At the time of Dr. Cooke's examination of the defendant, the defendant was not taking any psychotropic medication. During the examination, the defendant indicated to Dr. Cooke that the last time he had taken such medication was in November of 1988, during his stay at Springfield.

16. Dr. Cooke's report expresses the "strong recommendation" that the defendant is in immediate need of mental hospitalization and treatment with psychotropic medication. Dr. Cooke observes that "the nature of [the defendant's] illness is such that he is highly likely to remain overtly and severely psychotic without such medication." In addition, Dr. Cooke concludes that not until the defendant "is treated with psychotropic medication and his illness is brought into remission" will it be possible to conduct an examination into the status of the defendant's sanity at the time of the alleged offenses.

17. On January 23, the defendant filed a Motion for Hearing to Determine the Competency of Defendant. On January 25, the Government responded that it did not oppose defendant's Motion for a Hearing to Determine Competency. On January 25, pursuant to 18 U.S.C. § 4241(a),[1] this court granted defendant's Motion for Hearing to Determine the Competency of Defendant.

*Discussion*

1. 18 U.S.C. § 4241(d) sets forth the standard to be applied in a competency hearing and the consequences that result from a finding of incompetence. The statute provides:

(d) **Determination and disposition.**— If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall

---

1. This subsection provides that:
   (a) **Motion to determine competency of defendant.**—At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion if there is reason-

able cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.
18 U.S.C. § 4241(a).

hospitalize the defendant for treatment in a suitable facility—

(1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed; and

(2) for an additional reasonable period of time until—

(A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the trial to proceed; or

(B) the pending charges against him are disposed of according to law; whichever is earlier.

If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the trial to proceed, the defendant is subject to the provisions of section 4246 [18 U.S.C. § 4246].

18 U.S.C. § 4241(d).

2. On the basis of the defendant's behavior at today's hearing, testimony and evidence submitted at the hearing, and on reviewing the entire record of this case, I find that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

3. The statute provides that commitment to the custody of the Attorney General is mandatory after a finding of incompetence. 18 U.S.C. § 4241(d); see U.S. v. Shawar, 865 F.2d 856, 860 (7th Cir.1989) ("the statutory scheme established by Congress clearly mandates that a defendant found to be incompetent be placed in a mental hospital for observation"). Accordingly, I shall commit the defendant to the custody of the Attorney General for a period of hospitalization pursuant to 18 U.S.C. § 4241(d).

4. The defendant being found incompetent to stand trial, there remains the question of how properly to deal with the Government's Motion for Examination of Defendant to Determine Existence of Insanity, which is unopposed. While at first blush it might fair and efficient to order that the insanity examination be conducted during the period that the defendant is hospitalized under 18 U.S.C. § 4241(d), a number of considerations argue against this disposition.

5. First, as Dr. Cooke suggests in his report, it is futile as a matter of sound medical practice to attempt to conduct a meaningful insanity examination as long as the defendant remains overtly psychotic. At this time, it is impossible to predict when, if ever, the defendant will become amenable to an insanity examination. While it is conceivable, given the defendant's past responsiveness to treatment, it is hardly certain that being returned to a regular regimen of psychotropic medication will bring his illness to a point of remission where he may be subject to an insanity examination.

6. Second, as an analytical matter, a defense to a criminal charge is available only to a person who is competent to stand trial on the charge against which the defense is offered. I have found today that the defendant is legally incompetent to stand trial. As an incompetent, the defendant strictly speaking has no need of the insanity defense. By the same reasoning, nor is the Government any longer in need of an insanity examination, requested pursuant to 18 U.S.C. § 4242(a).[2]

7. Third, once a defendant is found incompetent to stand trial and hospitalized under 18 U.S.C. § 4241(d), the statute provides that he may regain the legal status of competence only after rather rigorous for-

2. This subsection provides, in pertinent part:
    Upon the filing of a notice ... that the defendant intends to rely on the defense of insanity, the court, upon motion of the attorney for the Government, shall order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court....

18 U.S.C. § 4242(a).

mal procedures, including another court hearing, are complied with. 18 U.S.C. § 4241(e). If, after the hearing, the defendant is found by a preponderance of the evidence to have "recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the court shall order his immediate discharge from the facility in which he is hospitalized and shall set the date for trial." *Id.* Discharge from the hospital upon the court's finding of competence defines the point at which a defendant re-enters the world of persons properly subject to criminal prosecution. As a matter of law, it is at this point that a defendant may avail himself of the defense of insanity, and at this point also that the Government may in turn make use of the statutory apparatus that provides for psychiatric or psychological examination of defendants who intend to rely on that defense.

8. For these reasons, I shall defer decision on the Government's Motion for Examination of Defendant to Determine Existence of Insanity, without prejudice to the government's renewing it when appropriate. I shall also defer decision on the defendant's request to have the insanity examination recorded by video tape, noting, however, that the statutory provision relied on by defendant, 18 U.S.C. § 4247(f), as authorizing such video recordings does not apply by its terms to insanity examinations conducted pursuant to 18 U.S.C. § 4242.

An appropriate order follows.

### ORDER

AND NOW, this 2nd day of February, 1989, in accordance with the findings contained and for the reasons set forth in the attached Memorandum, it is hereby ORDERED as follows:

1. The defendant is committed to the custody of the Attorney General for hospitalization pursuant to 18 U.S.C. § 4241(d).

2. The Government's Motion for Examination of Defendant to Determine Existence of Insanity is deferred, without prejudice to the Government's renewing it when appropriate.

3. The trial shall be continued until further order of this court. Any period of delay resulting from the fact that the defendant is mentally incompetent shall be excluded in computing the time within which the trial must commence. 18 U.S.C. § 3161(h)(4).